■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JOHNSON, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered April 1, 1985, upon a verdict convicting defendant of the crimes of assault in the first degree and assault in the second degree.

On September 3, 1984 at approximately 7:30 A.M., Frank Robinson, an inmate at Elmira Correctional Facility (Elmira), left his cell located on A block, gallery six, to proceed to breakfast. Before Robinson was able to exit the gallery, he was stabbed from behind in the area of the right ear. The stabbing caused a laceration approximately two inches long and one inch deep and resulted in the severing of the facial nerve, which controls the muscles of the right side of the face. The required surgery was only minimally successful in curing the victim's paralysis and the treating physician testified that he would be unable to give a definitive prognosis as to the extent of Robinson's recovery until at least a year after the injury had occurred.

A subsequent investigation of the stabbing incident was conducted by corrections personnel at Elmira and the State Police. As a result of that investigative work, defendant, a fellow inmate, was uncovered as the prime suspect. Defendant was suspected of the stabbing because of prior difficulties he had experienced with Robinson, as well as the fact that a couple of inmates saw defendant strike Robinson in the head

area on the morning in question. In due course, defendant was indicted by the Grand Jury on four counts: attempted murder in the second degree, assault in the first degree, assault in the second degree and promoting prison contraband in the first degree.*

After a lengthy trial, defendant was acquitted of the attempted murder count. However, the jury convicted defendant of the crimes of assault in the first and second degrees. Thereafter, defendant was sentenced to an indeterminate prison term of 6½ to 13 years on his conviction of assault in the first degree and 3 to 6 years on the conviction of assault in the second degree. These sentences were to run concurrently with each other but consecutively to the sentence defendant was serving at the time of the stabbing incident. This appeal ensued.

Defendant contends that he made a timely and unequivocal request to represent himself in this case. Given that he lacked confidence in his assigned counsel and was dissatisfied with the trial strategy to be employed, defendant contends that the trial court erred by not granting his request. This contention should be rejected.

Here, the trial court concluded that since defendant made his motion to proceed *pro se* literally on the day the trial was scheduled to commence, "You absolutely are trying to delay your trial, Mr. Johnson." The court reached this conclusion based on defendant's uncertainty as to whether he actually wanted to represent himself or merely wanted to secure alternate legal counsel. Further, the court discounted any dissatisfaction defendant might have felt toward the adequacy of his pretrial representation when it concluded that "the pretrial matters have been completely thorough * * * There is just no indication at all here that the defendant's counsel has failed in any way to prepare for this case."

The record reveals that even though defendant's request to proceed *pro se* was equivocal *(see, People v Payton,* 45 NY2d 300, 314, *revd on other grounds* 445 US 573), the trial court conducted an inquiry of defendant so as to impress upon him the dangers of proceeding without the assistance of counsel *(see, People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178). The inquiry addressed not only defendant's educational background, but his knowledge and experience in legal matters. After conducting this review, the trial court directed that

---

* It should be noted that the trial court dismissed the promoting prison contraband count prior to trial.

defendant's assigned counsel "continue as your trial counsel". A review of the record, including defendant's answers to the court's questions, reveals that the trial court's determination was in all respects proper *(cf. People v Sawyer, supra)*.

Contrary to his contention, defendant received a fair trial during which his guilt was proven beyond a reasonable doubt. Furthermore, defense counsel provided vigorous and effective representation throughout these proceedings. We have examined defendant's remaining contentions and find no reason to disturb the conviction. The judgment should, therefore, be affirmed.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.